UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

UNITED STATES OF AMERICA,

                 Plaintiff,

-against-

COURTNEY MELVILLE,

                 Defendant.

------------------------------------------------------------------- X

13-CR-205 (ARR)

**NOT FOR ELECTRONIC OR PRINT PUBLICATION**

OPINION & ORDER

ROSS, United States District Judge:

On October 25, 2013, I held a plea hearing in the case of defendant Courtney Melville and accepted Mr. Melville's guilty plea as to one count of Hobbs Act robbery in violation of Title 18, United States Code, Section 1951(a) and one count of unlawful use of a firearm in connection with the robbery in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). The firearms count to which Mr. Melville pleaded guilty carries with it a mandatory minimum term of imprisonment of seven years where the firearm was "brandished" within the meaning of the statute. Now before me is Mr. Melville's letter, dated November 12, 2013, in which he asks that he be permitted to withdraw his guilty plea, or alternatively that the Court dismiss the firearm count to which he pleaded guilty, unless the Court provides what he refers to as a "Proof of Claim" showing that there was not a misapplication of the statute for the firearms count. No. 13-CR-205 (ARR), Dkt. #49.

On December 18, 2013, I held a hearing as to Mr. Melville's letter and the government's response. Dkt. #51. At the hearing, Mr. Melville asked for additional time to submit a reply to the government's papers, and I granted that request. A further hearing was set for Mr. Melville's

1

motion to be decided on January 9, 2014, and Mr. Melville was given until one week prior to the January 9 hearing to submit his reply papers further explaining his position. Mr. Melville failed to submit any papers and refused to appear for the scheduled hearing on January 9. Accordingly, having reviewed Mr. Melville's original letter motion as well as the government's response letter, I now deny Mr. Melville's motion for the reasons set forth below.

## DISCUSSION

### A. <u>Legal Standard</u>

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw his guilty plea after the court has accepted the plea, but before it imposes sentence, if he "can show a fair and just reason for requesting the withdrawal." Under Rule 11, there is "no absolute right" of a defendant to withdraw his plea, and whether to grant a defendant's motion to withdraw his plea is "committed to the district court's discretion." <u>United States v. Rosen</u>, 409 F.3d 535, 545-46 (2d Cir. 2005). Interpreting the "fair and just reason" standard in <u>United States v. Gonzalez</u>, the Second Circuit stated: "Although this standard implies that motions to withdraw prior to sentence should be liberally granted, a defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there are valid grounds for withdrawal, taking into account any prejudice to the government." 970 F.2d 1095, 1100 (2d Cir. 1992) (internal citations and quotation marks omitted). The Second Circuit has outlined criteria that a district court should consider in determining whether to grant a motion to withdraw as follows:

> In general, to determine whether the defendant has shown a "fair and just reason" to justify withdrawal, a district court considers, <u>inter alia</u>: (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and

just); and (3) whether the government would be prejudiced by a withdrawal of the plea. Courts may also look to whether the defendant has "raise[d] a significant question about the voluntariness of the original plea." The standard for withdrawing a guilty plea is stringent.

Rosen, 409 F.3d at 546 (quoting United States v. Schmidt, 373 F.3d 100, 102-03 (2d Cir. 2004)) (internal citations omitted).

### B. Application to Mr. Melville's Motion

In his motion to withdraw his plea, Mr. Melville asserts his legal innocence of the firearms charge and challenges the imposition of a seven-year mandatory minimum in connection with that charge. Title 18, United States Code, Section 924(c)(1)(A)(ii) imposes a mandatory minimum term of imprisonment of seven years if the firearm for which the defendant is convicted is "brandished." Under Title 18, United States Code, Section 924(c)(4), to "brandish" a firearm is "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." Mr. Melville appears to argue that the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), requires that brandishing must be found by a jury and that, therefore, the seven-year mandatory minimum cannot be imposed in his case where brandishing has not been found by a jury.

In Alleyne, the defendant did not plead guilty but was tried and convicted by a jury on a firearms charge under Section 924(c)(1)(A). Id. at 2156. The Supreme Court held that, because brandishing increased the mandatory minimum penalty, it was an element that had to be found by the jury beyond a reasonable doubt. Id. at 2163. The decision in Alleyne was an extension of the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that an element that increased the maximum available penalty for a crime had to be found

3

by the jury beyond a reasonable doubt. Here, however, unlike in Alleyne and Apprendi, Mr. Melville's guilty plea and the admissions made by him during his plea allocution waived his right to a jury trial on the firearms count. See Corpus v. Estelle, 414 U.S. 932, 933 (1973) ("A guilty plea constitutes a waiver of several fundamental rights, among them the right to jury trial."). Prior to Alleyne, it was well settled under case law following the ruling in Apprendi that a defendant's admission of an element that would enhance his sentence during his guilty plea allocution was equivalent to that element having been determined by a jury beyond a reasonable doubt. See, e.g., United States v. Booker, 543 U.S. 220, 244 (2005) (reaffirming holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt") (emphasis added); United States v. Doe, 66 Fed. App'x 249, 252 (2d Cir. 2003) ("[B]ecause all the relevant sentencing facts were admitted in a plea allocution, the equivalent of a jury finding, Apprendi has no relevance to this case."). There is no reason for Alleyne to have disturbed this rule. See United States v. Johnson, 732 F.3d 577, 584 (6th Cir. 2013) ("We have recognized that Alleyne's extension of Apprendi . . . left undisturbed our decisions holding that a defendant's knowing admission of the facts necessary for an enhanced sentence is fatal to his Apprendi claim."); United States v. Hood, No. 13-1284, 2013 WL 6170886, at *2 (7th Cir. Nov. 26, 2013) (finding Alleyne inapplicable where the defendant "waived his right to a jury determination by pleading guilty, and his admissions concerning type and quantity during the plea colloquy satisfied the government's evidentiary burden"); Londono-Marin v. United States, 13-cv-5488, 2013 U.S. Dist. LEXIS 148993, at *2 (E.D.N.Y. Oct. 16, 2013) (finding that, even if Alleyne applied retroactively to the defendant's case, defendant's admission "in open court" during guilty plea of

4

"each factual element necessary to trigger the mandatory minimum" was "equivalent to a jury finding").

At his plea hearing, Mr. Melville was advised of his right to a trial by jury and of the fact that, by pleading guilty, he would waive that right. Plea Tr. 6-9. Consequently, no jury determination was required. Instead, it was my responsibility to determine, prior to accepting Mr. Melville's plea, that based on Mr. Melville's plea allocution there was "a factual basis for the plea" as required by Federal Rule of Criminal Procedure 11(b)(3).

In light of the requirement in Federal Rule of Criminal Procedure 11(b)(3) that there be "a factual basis for the plea," Mr. Melville's motion may be construed as a challenge to the sufficiency of his plea allocution on the firearms count, including for the element of brandishing. I have reviewed Mr. Melville's plea allocution and find that it sufficiently established a basis for his guilty plea. Pursuant to the Supreme Court's decision in Pinkerton v. United States, 328 U.S. 640 (1946), a defendant can be held criminally liable for the acts of his co-conspirators that are reasonably foreseeable to him, even if the defendant himself does not actually commit those acts. United States v. Masotto, 73 F.3d 1233, 1239 (2d Cir. 1996); United States v. Vario, 943 F.2d 236, 240 (2d Cir. 1991). "[A] defendant may be guilty of a § 924(c) violation under a Pinkerton theory if: (1) the defendant conspired to commit a crime involving violence or drug trafficking; (2) the § 924(c) offense was committed in furtherance of the conspiracy; and (3) the offense was a reasonably foreseeable consequence of an act furthering the unlawful agreement." Rosario v. United States, 164 F.3d 729, 734 (2d Cir. 1998). Mr. Melville's plea allocution adequately established the presence of each of these elements.

First, according to Mr. Melville's statements during his plea allocution, he and others walked into the grocery store at 1789 Linden Boulevard with a "joint plant" to rob the store. Plea Tr. 18-19. Mr. Melville's statements establish that he took part in an agreement to commit robbery, and such a conspiracy to commit robbery has been held to constitute a crime involving violence within the meaning of § 924(c). See United States v. Elder, 88 F.3d 127, 129 (2d Cir. 1996) (per curiam). The Second Circuit does not appear to have yet considered whether a criminal defendant may be convicted of a substantive offense on a Pinkerton theory of liability where, as here, he has not pleaded guilty to, or been convicted at trial of, a conspiracy count. However, the majority of circuits that have considered the question have held that a Pinkerton theory of liability is available so long as the defendant's admissions show the existence of a conspiracy. See United States v. Lazaro, 449 Fed. App'x 319 (4th Cir. 2011); United States v. Zackery, 494 F.3d 644 (8th Cir. 2007); United States v. Lopez, 271 F.3d 472, 480 (3d Cir. 2001); United States v. Chairez, 33 F.3d 823, 827 (7th Cir. 1994); but see United States v. Nakai, 413 F.3d 1019, 1023 (9th Cir. 2005). Here, where (1) Mr. Melville was charged with conspiracy and thus given notice that such a theory might apply, and (2) the facts to which Mr. Melville allocuted establish the existence of a conspiracy to commit robbery, I agree with the majority of circuits finding that a Pinkerton theory of liability is available.

Second, the allocution established that a § 924(c) offense was committed in furtherance of the conspiracy to commit robbery and that the firearm involved in the offense was "brandished" within the meaning of the statute. Mr. Melville allocuted to the fact that another person who took part in the grocery store robbery carried a gun during the robbery. Plea Tr. 19. His allocution to the fact that everyone involved in the robbery understood that the purpose of the gun was to assist in robbing the store reasonably indicated that the firearm was carried in

"furtherance" of the conspiracy to commit robbery. Id.; see Regis v. United States, 665 F. Supp. 2d 370, 376 (S.D.N.Y. 2009) (holding second element of Pinkerton satisfied where defendant allocuted to fact that someone else participating in a robbery with him had a gun and that he knew it). As for the element of "brandishing," I explained to Mr. Melville during his plea hearing that count three charged that the firearm was "brandished" during the course of the robbery and that brandishing means "open, visible to the victims." Plea Tr. 6. He acknowledged that he understood that charge. Id. He thereafter allocuted to the gun being "out" and "visible." Id.

Third, Mr. Melville's indication that everyone knew that the purpose of the gun was to assist in robbing the store makes clear that the commission of the firearms offense was reasonably foreseeable to Mr. Melville. The carrying of the firearm was not only reasonably foreseeable to Mr. Melville; it was in fact something of which he was actually aware. What is more, the fact that Mr. Melville was part of a "joint plan" to rob the store and knew that guns would be brought along in order to assist in robbing the store leads to the conclusion that the brandishing of the gun during the robbery was reasonably foreseeable to Mr. Melville. See United States v. Reynolds, Nos. 95-1017(L), 95-1039, 95-1082, 107 F.3d 5 (table), 1995 WL 723088, at *1-*2 (2d Cir. Nov. 13, 1995) (district court's finding that it was reasonably foreseeably to defendant that gun would be brandished was not clearly erroneous where defendant allocuted to participating in plan to hijack trucks in which guns would be brought along).

Based on my review, I am satisfied that that Mr. Melville's plea allocution provided an adequate factual basis for his guilty plea on the firearms count and the imposition of the seven-year mandatory minimum for brandishing. Because Mr. Melville's claim of legal innocence is

based entirely on his misunderstanding of the applicable law, I will not consider the amount of time that has passed or the prejudice to the government. However, I will consider whether Mr. Melville's motion "raise[s] a significant question about the voluntariness of the original plea." Rosen, 409 F.3d at 546.

Mr. Melville's motion may be construed as asserting that his plea was involuntary because he was misadvised by the government, his attorney, and this Court as to the correct application of the law. Mr. Melville states:

> [The defendant] was misinformed both by defense counsel, the government as well as the court. All parties allowing the defendant to plead guilty to a contract agreement, knowing full well that any fact increasing a criminal penalty beyond the statutory minimum otherwise applicable must be charged in the indictment and either submitted to a jury or admitted by the defendant. The defendant cannot in good faith plead to a crime under oath that he otherwise did not commit.
>
> Defendant believes that during the plea negotiations that he was wrongly advised by all parties concerned. In Bousley v. United States, 523 U.S. 614 (1998) the Supreme Court held "that if the record disclosed that at the time of the plea, neither the accused, nor his counsel, nor the District Court correctly understood the essential elements of the crime with which he was charged, then the plea was invalid under the Federal Constitution."

Dkt. #49. Mr. Melville appears to be arguing that the government, his defense counsel, and this Court did not correctly understand the law applicable to the firearms count because they were wrong as to how brandishing must be established in light of the Supreme Court's holding in Alleyne. However, as I have already discussed, Mr. Melville's argument is based on his own current misunderstanding of the holding in Alleyne. Thus, it cannot be said that, at the time of his guilty plea, Mr. Melville was misadvised based on an incorrect understanding of the applicable law. I therefore do not find that he has shown that his plea was involuntary.

To the extent Mr. Melville seeks to have the firearms count dismissed rather than to withdraw his plea, that request is also denied for substantially the same reasons as I have

8

discussed with regard to the basis of his plea. During his plea allocution, Mr. Melville admitted facts sufficient to establish a basis for his conviction on the firearms count, including on the element of brandishing, and there are therefore no viable grounds for me to dismiss that charge.

## CONCLUSION

For the foregoing reasons, I find that there are no fair and just reasons for allowing Mr. Melville to withdraw his plea or for dismissal of the firearms count or brandishing enhancement. Accordingly, Mr. Melville's motion is denied.

SO ORDERED.

/s/(ARR)
_____
Allyne R. Ross
United States District Judge

Dated:      January 9, 2014
            Brooklyn, New York

SERVICE LIST

Courtney Melville
Reg No. 82206-053
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, New York 11232